FILED & ENTERED

JAN 04 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**BARBARA WOLFORD,**<br><br>Debtor. | Case No. 2:15-bk-23589-RK<br><br>Chapter 7<br><br>Adv. No.  2:15-ap-01530-RK |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT1,**<br><br>Plaintiff.<br><br>vs.<br><br>**BARBARA WOLFORD, an individual; all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the Real Property described in the Complaint adverse to Plaintiff's title or any cloud on Plaintiff's title thereto; and DOES 1 through 30, inclusive,**<br><br>Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REMAND CASE TO SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES COUNTY AND FOR RELATED RELIEF**<br><br>DATE:   January 5, 2016<br>TIME:   1:30 p.m.<br>PLACE:  Courtroom 1675<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

///

Pending before the court is the Motion to Remand Case to State Court and Motion for Order Prohibiting Debtor and/or Defendant From Filing Any Future Removal of Litigation to the District Courts, Inclusive of the Bankruptcy Court ("Motion for Remand") filed by Plaintiff Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1 ("Wells Fargo"). ECF 5.  The Motion for Remand relates to two state court actions filed by Wells Fargo against Barbara Wolford ("Debtor"), pending in the Superior Court of California for the County of Los Angeles, in Case No. 09Z01445, an unlawful detainer action, and Case No. YC070012, a quiet title action, both of which were consolidated as Case No. SB09Z0144 before Debtor removed Case No. YC070012 to this court (the "Removed Action"), commencing this adversary proceeding.

On August 31, 2015, Debtor commenced this bankruptcy case, 2:15-bk-23589-RK, by filing a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C.  2:15-bk-23589-RK, ECF 1.  On September 4, 2015, Wells Fargo filed a Motion for Relief from the Automatic Stay ("Motion for Relief"), which was set for hearing on October 6, 2015.  2:15-bk-23589-RK, ECF 8.  However, on October 1, 2015, before the hearing on the Motion for Relief, Debtor commenced the instant adversary proceeding by filing a Notice to Federal Court of Removal of Civil Action from State Court Pursuant to 28 U.S.C. § 1452 ("Notice of Removal"), which removed Case No. YC070012 to this court.  2:15-ap-01530-RK, ECF 1.  On October 5, 2015, Wells Fargo filed the instant Motion for Remand.  2:15-ap-01530-RK, ECF 5.  At the October 6, 2015 hearing on the Motion for Relief, the court determined that it could not grant the Motion for Relief because of the Notice of Removal.  The court continued the hearings on both the Motion for Remand and the Motion for Relief to November 3, 2015.  On October 27, 2015, Debtor filed an opposition to the Motion for Remand.  2:15-ap-01530-RK, ECF 14.  At the November 3, 2015 hearing, the court took the Motion for Remand under submission.

Having reviewed the moving and opposing papers, the declarations and exhibits attached therein, the record before the court, and the oral arguments of the parties at the various hearings, the court grants the Motion for Remand for the reasons stated below.

Under 28 U.S.C. § 1452(b), the court to which a "claim or cause of action is removed may remand such claim or cause of action on any equitable ground." In the Ninth Circuit, courts typically consider a range of factors in deciding whether there is equitable ground for remand:

1. The effect or lack thereof on the efficient administration of the estate if a court recommends remand;
2. The extent to which state law issues predominate over bankruptcy issues;
3. The difficulty or unsettled nature of the applicable law;
4. The presence of a related proceeding commenced in state court or other non-bankruptcy court;
5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334;
6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7. The substance rather than form of an asserted "core" proceeding;
8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9. The burden on the bankruptcy court's docket;
10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
11. The existence of a right to a jury trial;
12. The presence in the proceeding of nondebtor parties;
13. Comity; and
14. The possibility of prejudice to other parties in the action.

*See, e.g., In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733 (Bankr. C.D. Cal. 2007); 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 1:952 at 1-102 – 1-103 (2014).

The first factor weighs in favor of remand. On December 23, 2015, David Gill, Chapter 7 Trustee for this bankruptcy case, filed a Report of No Distribution. Therefore, the court determines that because there is nothing left to be administered in the bankruptcy case based on the Trustee's Report of No Distribution, the most efficient and sensible way to resolve the Removed Action is to allow the state court to complete the litigation by conducting the trial, which was originally scheduled for November 18, 2015, and other pending proceedings. There is no reason for this court to try the Removed Action since the Trustee is not administering the bankruptcy estate in this case and this court is not in a better position than the state court to determine the state law claims raised in the Removed Action which have no impact on the administration of the bankruptcy estate.

The second factor weighs in favor of remand. The Removed Action involves causes of action for cancellation of instruments, quiet title, slander of title and permanent injunction. Thus, state law issues predominate entirely.

The third factor weighs against remand. The Removed Action does not involve difficult or unsettled areas of law.

The fourth factor weighs in favor of remand. The Removed Action was commenced in state court, was already scheduled for trial on November 18, 2015, and had a motion for summary judgment hearing scheduled for December 14, 2015.

The fifth factor weighs in favor of remand. Other than "related to" jurisdiction under 28 U.S.C. § 1334(b), there is no basis for federal jurisdiction over the Removed Action. There is no federal question jurisdiction under 28 U.S.C. § 1331 because none of the causes of action in the Removed Action are based on federal law, nor does Wells Fargo's right to relief necessarily depend on a resolution of a substantial question of

federal law. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28 (1983). Further, there is no diversity jurisdiction under 28 U.S.C. § 1332 because Wells Fargo's requests for damages in the Removed Action do not exceed $75,000.

The sixth factor weighs in favor of remand. Here, it is relevant to consider whether the adversary proceeding is "core" or "non-core." *Eastport Associates v. City of Los Angeles (In re Eastport Associates)*, 935 F.2d 1071, 1076 (9th Cir. 1991). There are three ways a proceeding may be classified as core: first, as a case "arising under title 11," 28 U.S.C. § 157(b)(1); second, as a case "arising in a case under title 11," *Id.*; and third, under 28 U.S.C. § 157(b)(2), which provides a non-exhaustive list of core proceedings. Here, the state law claims do not merit "arising under" or "arising in" jurisdiction, nor do they fall under any of the categories listed in 28 U.S.C. § 157(b)(2). The Removed Action arises under state law, and "arising in" jurisdiction has been held to refer to administrative matters that arise in the course of a bankruptcy case. *In re Eastport Associates*, 935 F.2d at 1076; *Sedlachek v. National Bank of Long Beach (In re Kold Kist Brands, Inc.)*, 158 B.R. 175, 178 (C.D. Cal. 1993). For the previously stated reasons, the seventh factor is irrelevant because this is a non-core proceeding.

The eighth factor, if anything, weighs in favor of remand because there is no reason why a judgment obtained in state court cannot be brought back to bankruptcy court for enforcement.

The ninth factor weighs in favor of remand since litigation of noncore state law issues raised in the lawsuit would burden this court in light of the absence of the need to litigate such issues for the administration of this bankruptcy case.

The tenth factor strongly weighs in favor of remand. Debtor filed her petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C., on August 31, 2015, one day before motions to compel further discovery responses and for sanctions were to be heard by the state court in the Removed Action, and one day before Debtor's deadline to file an

5

opposition to a pending motion for summary judgment in the Removed Action. The court finds that the proximity in time of the filing of the bankruptcy petition to both the September 1, 2015 hearings and motion for summary judgment opposition deadline, as well as the November 18, 2015 trial, suggests that Debtor is not acting in good faith.

The eleventh factor weighs neither for nor against remand because the record does not indicate whether either party has requested a jury trial.

The twelfth factor weighs neither for nor against remand because the Removed Action involves Debtor and one non-debtor party, Wells Fargo.

The thirteenth factor weighs in favor of remand. Comity, or deference to other courts, strongly suggests that remand is appropriate because the Removed Action was already scheduled for trial before the state court.

The fourteenth factor weighs in favor remand. The court determines that the Removed Action is evidence of forum shopping that is prejudicial to Wells Fargo and thus, provides equitable grounds to remand the Removed Action.

In sum, there is no compelling reason why this court should be burdened by these matters as to which the state court has full jurisdiction and where litigation was already pending for some time. Accordingly, the court determines that there are equitable grounds for remand under 28 U.S.C. § 1452(b).

Separate from the question of whether to remand is Wells Fargo's request to have Debtor declared a vexatious litigant, and related requests for a pre-filing order prohibiting Debtor from filing future removals under California Code of Civil Procedure § 391.7(a) and for an order requiring Debtor to furnish a security under California Code of Civil Procedure § 391.3. Under California Code of Civil Procedure § 391(b)(3), in pertinent part, a vexatious litigant includes one who, "In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."

Although the court does not condone Debtor's attempt to forum shop, the court determines that Wells Fargo has failed to put forth sufficient admissible evidence to meet its burden that Debtor has *repeatedly* engaged in unmeritorious filing or other tactics solely intended to cause unnecessary delay. Debtor was entitled to file her petition and she duly received her discharge, the order of which was entered on December 21, 2015. 2:15-bk-23589-RK, ECF 40. Other than the Notice of Removal, Wells Fargo has not put forth admissible evidence of other unmeritorious filings or tactics by Debtor. Therefore, the court denies Wells Fargo's request to have Debtor declared a vexatious litigant without prejudice. Accordingly, because the court denies Wells Fargo's request to have Debtor declared a vexatious litigant, the court also denies Wells Fargo's requests for a pre-filing order prohibiting Debtor from filing future removals under California Code of Civil Procedure § 391.7(a) and for an order requiring Debtor to furnish a security for the benefit of Wells Fargo under California Code of Civil Procedure § 391.3 without prejudice.

The court also denies Wells Fargo's request for sanctions under Rule 11 of the Federal Rules of Civil Procedure, applicable to this adversary proceeding under Rule 9011 of the Federal Rules of Bankruptcy Procedure. Rule 9011(c)(1)(A) requires that a motion for Rule 9011 sanctions be made separately from other motions or requests. *See also In re Deville*, 280 B.R. 483, 492-494 (9th Cir. BAP 2002) (holding that state court plaintiff's attorney's declaration in motion to remand suit that debtor and his counsel had improperly removed to federal court was not functional equivalent of motion for Rule 9011 sanctions and did not satisfy requirement that sanctions motion be made separately from other motions). Here, because Wells Fargo's request for sanctions under Rule 9011 was not made separately from the Motion to Remand, the court denies Wells Fargo's request for sanctions without prejudice.

However, the court does not grant Wells Fargo's request for attorneys' fees and costs incurred in connection with the Motion to Remand at this time. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual

7

expenses, including attorney fees, incurred as a result of the removal." However, Wells Fargo did not file with the court a declaration or other admissible evidence detailing such fees and costs. The court expresses its concern that there were no specific billing entries submitted by counsel in her declaration in order for the court to determine the reasonableness of the fees requested, such as details regarding the date and time services were performed and the specific tasks performed. Wells Fargo may file an amended motion for attorneys' fees and costs pursuant to Local Bankruptcy Rule 7054-1(g).

Based on the foregoing, it is hereby ordered as follows:

1. The Motion to Remand is granted and the court remands Los Angeles County Superior Court Case No. YC070012, consolidated as Los Angeles County Superior Court Case No. SB09Z0144, and numbered as 2:15-ap-01530-RK before this court, to the Los Angeles County Superior Court.

2. Wells Fargo's requests to declare Debtor a vexatious litigant, for a pre-filing order prohibiting Debtor from filing any future removals under California Code of Civil Procedure § 391.7(a), for an order requiring Debtor to post a security for the benefit of Wells Fargo under California Code of Civil Procedure § 391.3, and for Rule 9011 sanctions, are denied without prejudice.

///

3. Wells Fargo's request for attorneys' fees and costs incurred in connection with the Motion to Remand is denied without prejudice. If Wells Fargo files an amended motion for attorneys' fees and costs, it must file with the court a declaration or other admissible evidence detailing such fees and costs.

IT IS SO ORDERED.

###

Date: January 4, 2016

Robert Kwan
United States Bankruptcy Judge